# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 6, 2003 Session

## THAD GUERRA, ET AL. v. LEONARD PEEKS, ET AL.

**Appeal from the Circuit Court for Wilson County**
**No. 11958     John Wootten, Jr., Judge**

_____

**No. M2002-02580-COA-R3-CV - Filed November 12, 2003**

_____

The permit for a sewage disposal system required that the driveway be constructed along the lot line and be no wider than ten feet. The plaintiffs, during the course of constructing a residence on their lot, did not locate the driveway along the lot line as required, and made it twenty-five feet wide. The system was disapproved by the State unless the plaintiffs obtained a duplicate area, i.e., procured by easement or purchase square footage equivalent to the footage utilized by the mis-located, widened driveway. The complaint was filed more than three years after the disapproval by the State, the date on when the cause of action accrued, and the action was dismissed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR and WILLIAM B. CAIN, JJ., joined.

Timothy W. Burrow and Christopher D. Cravens, Nashville, Tennessee, attorneys for appellants, Thad Guerra and Darlene Guerra.

John T. Gwin, Mr. Juliet, Tennessee, attorney for appellees, Leonard Peek and K&P, Inc.

David B. Scott, Nashville, Tennessee, attorney for appellees, Jim Sellers and Crye-Leike, Inc.

## OPINION

## I.

In 1998 the plaintiffs purchased undeveloped Lot 20 in the Scenic Ridge Subdivision in Wilson County. Acting as their own contractor they constructed a three-bedroom residence thereon, with a conventional sewage disposal system which failed to meet State specifications because it did not have a duplicate area. The permit for the construction of the sewage disposal system was issued March 30, 1998 and explicitly required the plaintiffs to locate the driveway along the property line and be no wider than ten feet. This requirement was ignored by the plaintiffs who constructed a

driveway twenty-five feet wide at a location other than along the lot line, hence, the need for a duplicate area. The sewage disposal system was disapproved, because the size and location of the driveway nullified the required duplicate area.[1]

## II.

The defendants filed motions for summary judgment alleging that the claims of the plaintiffs are barred by the three-year Statute of Limitations prescribed by Tennessee Code Annotated § 28-3-105 relative to actions for damages to real property. These motions were supported by (1) the permit issued by the State for the construction of the sewage system; (2) the Field Activity Report of the Department of Environment and Conservation; (3) a later Field Activity Report; (4) the Affidavit of Paul Sizemore, an employee of the Department of Environment and Conservation; (5) a Statement of Undisputed facts; (6) a Memorandum of Law and the contract for the sale of Lot 20 to the plaintiffs. It is the insistence of the defendants that the plaintiffs' cause of action, if any, accrued when they were informed by Sizemore that their sewage system was disapproved, that is, on October 21, 1998.

## III.

The defendants do not controvert the applicability of the three-year statute of limitations. They argue that the date of disapproval of their sewage system is essentially meaningless as to their claims against the defendants because the plaintiffs believed the disapproval was attributable to their negligence in not following the driveway specifications. They insist that it was not until 2001 that "they realized, regardless of where the driveway had been placed or anything else done with the installation of the sewer system . . . he could not install a sewer system of any type . . . that would fit on Lot 20." This discovery, they argue, is the date of the accrual of their cause of action.

The trial judge ruled that the plaintiffs' cause of action accrued as of October 21, 1998, more than three years before the complaint was filed, and granted the motion for summary judgment. The plaintiffs appeal, and present for review the propriety of the dismissal of their complaint.

## Analysis

Summary judgment is not a disfavored procedural device and can be used to conclude any civil case, including negligence cases that can be, and should be, resolved on legal issues alone. *Mansfield v. Colonial Freight Sys.*, 862 S.W.2d 527 (Tenn. Ct. App. 1993). The standard of review on motions for summary judgment is well settled in Tennessee. A moving party is entitled to summary judgment when it established from the pleadings, depositions, answers to interrogatories

---

[1] The Letter of Disapproval advised the plaintiffs that they might request a variance. Whether they did, the record does not reveal. Further, the record does not reveal whether they undertook to relocate the driveway and limit its width to ten feet, which presumably would have brought the plaintiffs into compliance with the permit. The letter made no mention of a three-bedroom house.

and admissions on file, together with affidavits, if any, that no genuine issues of material fact remain to be tried, and that the undisputed facts entitle the moving party to judgment as a matter of law. Tenn. R. Civ. P. 56; *White v. Lawrence*, 975 S.W.2d 525, 528 (Tenn. 1998); *Byrd v. Hall*, 847 S. W.2d 208, 210 (Tenn. 1993).

In reviewing motions for summary judgment, courts are required to consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-movant's favor. *White*, 975 S.W.2d at 529. Rule 56.05 provides that the non-moving party "must not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or otherwise must set forth specific facts showing that there is a genuine issue for trial . . . ." Tenn. R. Civ. P. 56. When only one conclusion can be drawn from the undisputed facts, then the moving party is entitled to summary judgment as a matter of law. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

The grant or denial of a motion for summary judgment by a trial court creates a question of law. Accordingly, appellate courts review the court's decision *de novo* without a presumption of correctness. *Goodloe v. State*, 36 S.W.3d 62, 65 (Tenn. 2001); *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). The reviewing court must examine the record in the light most favorable to the non-moving party and determine if the moving party has met its burden under Tenn. R. Civ. P. 56. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn. 1997).

In support of his opposition to the defendants' motion, Mr. Guerra filed his somewhat prolix affidavit stating that when Paul Sizemore "red-tagged"[disapproved] the system because the driveway was twenty-five feet wide instead of the permitted ten feet he did not know or have reason to know that he had a cause of action against any defendant, because he believed the problem "was my fault or the fault of the installer of the SSDS system."

He deposed that "not until after 1998 did I discover, through research, including taking measurement of the work and the lot and studying the State's 'Regulations to Govern Subsurface Sewage Disposal Systems,' that it was not possible to construct an SSDS on Lot 20 that would support a 3-bedroom house, regardless of where the driveway was placed or how wide it was." He further deposed "that it was not until the fall of 2001 that the State officials told me of that conclusion."[2]

It is apparent that the plaintiffs became aware of the sewage disposal problem on October 21, 1998 when it was officially disapproved. The discovery rule, relied on by the plaintiffs, "applies only in cases where the plaintiffs do not discover and reasonably could not be expected to discover that they had a right of action. Furthermore, the statute is tolled only during the period when the

---

[2] When the plaintiffs enlarged the driveway, they decreased the area necessary for a sub-surface sewage disposal system; had they not done so, the system presumably would have been approved. The "three-bedroom house" argument, patently hearsay, arose much later.

plaintiffs had no knowledge at all that the wrong had occurred and, as reasonable persons, were not put on enquiry." ***Potts v. Celotex***, 796 S.W.2d 678 (Tenn. 1990).

The plaintiffs knew that only a ten-foot driveway could be constructed on the property as early as March 30, 1998 when the permit was issued by the State restricting the driveway's size. They discovered that the septic system was not in compliance with the permit on October 21, 1998 when Paul Sizemore disapproved the septic system and informed the Guerras of the improperly placed driveway. Taking all facts in the light most favorable to Guerras, it is beyond dispute that they knew there were problems with the installation and approval of the septic system at the very latest on November 16, 1998 when Paul Sizemore reinvestigated the system and spoke with Thad Guerra and advised him of the need to obtain an easement to make room for the duplicate system. From Mr. Guerra's affidavit it appears that he did nothing whatever to investigate the sewage disposal problem until sometime in 2001, notwithstanding that he was clearly put on enquiry on October 15, 1998 when the system was disapproved.

Finally, we observe that the plaintiffs' affidavit in opposition to the motion is replete with conclusory statements and hearsay, clearly inadmissible as evidence. Mere conclusory statements will not create a material factual dispute sufficient to prevent the trial court from granting a summary judgment. ***Davis v. Campbell***, 48 S.W.3d 741 (Tenn. Ct. App. 2001); ***Chrisman v. Hill Homes Dev.***, 978 S.W.2d 535 (Tenn. 1998). Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Rule 56.05, Tenn. R. Civ. P.; ***Price v. Becker***, 812 S.W.2d 597 (Tenn. Ct. App. 1991).

The judgment is affirmed at the costs of the appellants.

_____
WILLIAM H. INMAN, SENIOR JUDGE