# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 23, 2004

## TERRY McKEE v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 03-203-I     Irvin H. Kilcrease, Jr., Chancellor

---

### No. M2003-01661-COA-R3-CV - Filed February 8, 2005

---

This appeal involves a prisoner who desires to rescind a waiver he signed in 1986 to become entitled to earn sentence reduction credits. The prisoner filed a pro se petition for a common-law writ of certiorari in the Chancery Court for Davidson County requesting an order directing the Tennessee Department of Correction to permit him to withdraw his waiver. The Department moved to dismiss the prisoner's petition because it was not timely filed. The trial court granted the motion, and the prisoner has appealed. We vacate the judgment and remand the case with directions to dismiss the petition because it was filed in the wrong county.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Terry McKee, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Arthur Crownover, II, Senior Counsel, for the appellees, Tennessee Department of Correction and Donal Campbell.

### MEMORANDUM OPINION[1]

In January 1983, Terry McKee was convicted of assault with intent to commit murder in the Criminal Court for Washington County. Because the crime of assault with intent to commit murder was a Class X offense, Mr. McKee was not eligible to earn sentence reduction credits of any sort.

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Tennessee General Assembly relaxed the prohibition against Class X criminals earning sentence reduction credits in 1985; however, prisoners desiring to begin earning sentence reduction credits were required to sign written waivers in order to be eligible. Tenn. Code Ann. § 41-21-236(c)(3) (2003).[2] Mr. McKee signed one of these waivers on March 1, 1986.

Mr. McKee eventually had second thoughts about his 1986 decision to sign the waiver and became convinced that he was earning fewer sentence reduction credits than he could be earning had he not signed the waiver. Accordingly, in August 2002, he requested the staff at the Northwest Regional Correctional Facility to provide him with a form to rescind the waiver. He was not provided this form. On January 22, 2003, Mr. McKee filed a petition for common-law writ of certiorari in the Chancery Court for Davidson County requesting the court to direct the Department to permit him to rescind his waiver. The Department filed a Tenn. R. Civ. P. 12.02(1) motion to dismiss.[3] On May 28, 2003, the trial court entered an order granting the Department's motion based on its finding that Mr. McKee had not filed his petition within sixty days after the November 12, 2002 denial of his request for a declaratory order.[4] Mr. McKee has appealed.

In the absence of another applicable venue provision, state prisoners must file all lawsuits involving causes of action that accrue while they are incarcerated in the courts of the county where the correctional facility in which they are housed is located. Tenn. Code Ann. § 41-21-803 (2003). This venue provision applies to petitions for writs of common-law certiorari involving the conditions of incarceration or the conduct of those responsible for the care and custody of the prisoner. *Hawkins v. Tennessee Dep't of Corr.*, 127 S.W.3d 749, 764-65 (Tenn. Ct. App. 2002).

Mr. McKee's petition for common-law writ of certiorari clearly pertains to the conditions of his incarceration and the actions of the persons having custody over him. Accordingly, he should have filed his petition in Lake County rather than in Davidson County. Accordingly, we vacate the order dismissing Mr. McKee's petition, and we remand the case to the trial court with instructions to enter an order dismissing the petition because it was filed in the wrong county. We tax the costs of this appeal to Terry McKee for which execution, if necessary, may issue. We also find that Mr.

---

[2] *See Davis v. Campbell*, 48 S.W.3d 741, 746-47 (Tenn. Ct. App. 2001).

[3] Regrettably, the Department's motion does not reflect the ground upon which it was made. Tenn. R. Civ. P. 7.02(1) requires motions to "state with particularity the grounds therefor." As has become its custom, the Office of the Attorney General relies on a separate memorandum of law to explain why the trial court lacked subject matter jurisdiction. We have repeatedly reminded the Office of the Attorney General that including the grounds for a motion in a separate memorandum of law does not satisfy the specificity requirements in Tenn. R. Civ. P. 7.02(1) because these memoranda, by operation of Tenn. R. App. P. 24, do not become part of the appellate record. *See, e.g., Hickman v. Tennessee Bd. of Paroles,* 78 S.W.3d 285, 287 (Tenn. Ct. App.2001); *Pendleton v. Mills,* 73 S.W.3d 115, 119 n.7 (Tenn. Ct. App.2001); *Robinson v. Clement,* 65 S.W.3d 632, 635 n.2 (Tenn. Ct. App.2001).

[4] The record contains no evidence that Mr. McKee filed a request for declaratory order or that the Department denied it on November 12, 2002. The Department bore the responsibility for providing the trial court with a complete record of the proceedings affecting Mr. McKee. *See City of Brentwood v. Metropolitan Bd. of Zoning Appeals*, 149 S.W.3d 49, 54 (Tenn. Ct. App. 2004).

McKee's petition for writ of common-law certiorari and subsequent appeal are frivolous in accordance with Tenn. Code Ann. §§ 41-21-807(c), -816(a)(1) (2003).

_____
WILLIAM C. KOCH, JR., PJ., M.S.