IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
(HEARD AT CLARKSVILLE)

**FILED**

**FOR PUBLICATION**

**April 19, 1999**

Filed: _April 19, 1999_

**Cecil Crowson, Jr.
Appellate Court Clerk**

JEREMY PARENT, A Minor, b/n/f )
Parents, and Guardians MARTIN )
PARENT AND JUDITH PARENT, )
                 ) TENNESSEE CLAIMS COMMISSION
    CLAIMANT/APPELLEE, )        NO. 97001870
                 )
v. ) Hon. W.R. BAKER, COMMISSIONER
                 )
STATE OF TENNESSEE, ) No. 01S01-9804-BC-00066
                 )
    DEFENDANT/APPELLANT. )

FOR CLAIMANT/APPELLEE:

MICHAEL A. KENT
CHATTANOOGA

FOR DEFENDANT/APPELLANT:

JOHN KNOX WALKUP
ATTORNEY GENERAL AND REPORTER

MICHAEL E. MOORE
SOLICITOR GENERAL

DAVID T. WHITEFIELD
SENIOR COUNSEL

MARY M. BERS
ASSISTANT ATTORNEY GENERAL
NASHVILLE

# O P I N I O N

COURT OF APPEALS AFFIRMED                  HOLDER, J.

## OPINION

We granted this appeal to address: (1) whether Tennessee's recreational use statute codified at Tenn. Code Ann. §§ 70-7-101 et seq. creates a cause of action or is merely a statutory defense to other viable causes of action; and (2) whether bicycling on state-owned land is within the purview of the recreational use statute.[1] Upon review, we hold that Tenn. Code Ann. §§ 70-7-101 et seq. is merely a statutory defense to other viable causes of action and that bicycling is an activity within the ambit of Tenn. Code Ann. § 70-7-102. The Court of Appeals' decision reversing the commissioner is affirmed, and the case is remanded to the claims commission.

## BACKGROUND

The plaintiffs, the Parent family, were visiting Tims Ford State Park in Franklin County on April 8, 1996, when Jeremy Parent, then seven years old, was injured in a bicycling accident. The complaint alleges that the child was injured after he was thrown from his bicycle when a steep portion of the paved bicycle trail culminated in a sharp turn. Unable to negotiate the turn because of the steepness, Jeremy Parent was thrown into a creek bed. He suffered serious injuries including a compound fracture of his leg that required two surgeries.

Jeremy Parent and his parents, Martin and Judith Parent, allege that the State: (1) negligently created and/or maintained the dangerous condition on the bike trail; (2) had actual or constructive notice of the condition; and (3) knew or should have known of the foreseeability of the risks associated with the trail. The

---

[1]Oral argument was heard in this case on, October 15, 1998, in Clarksville, Montgomery County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

Parent family alleges that other accidents had occurred on the trail and that there were no warning signs alerting cyclists of the steepness.

The Parents allege that Tenn. Code Ann. § 9-8-307(a)(1)(C) and (a)(1)(I) remove immunity for a dangerous condition that has been negligently created or maintained on state-controlled property. In response, the State has filed a motion to dismiss under Tenn. R. Civ. P. 12.02(6) alleging that the plaintiffs' complaint fails to state a claim upon which relief can be granted. The State maintains that it is immune from liability under Tennessee's recreational use statute. Tenn. Code Ann. §§ 70-7-101 et seq.

The Tennessee claims commission granted the State's motion to dismiss. The Court of Appeals vacated the commissioner's ruling and remanded the case for further proceedings. The Court of Appeals held that the plaintiffs had stated a claim for which relief could be granted under Tenn. Code Ann. § 9-8-307(a)(1)(C). In ruling upon the Rule 12.02(6) motion, the court declined to assume that the exceptions to the statutory immunity conferred by Tenn. Code Ann. §§ 70-7-101 et seq. would not apply.

**ANALYSIS**

**Sufficiency of Plaintiffs' Complaint**

The State argues that the plaintiffs' claim should be dismissed for failure to state a claim. The State's argument is premised upon the contention that the recreational use statute creates the plaintiffs' cause of action. The State therefore argues that the complaint must allege one of the exceptions to immunity provided in the recreational use statute. We disagree.

3

The statutory right against the State as a landowner is codified at Tenn. Code Ann. § 9-8-307(a)(1)(C). See Sanders v. State, 783 S.W.2d 948 (Tenn. Ct. App. 1989) (recognizing that Tenn. Code Ann. § 9-8-307(a)(1)(C) removes the State's immunity and codifies the common law obligations of the owner or occupier of land). The State generally may be held liable for "[n]egligently created or maintained dangerous conditions on state controlled real property." Tenn. Code Ann. § 9-8-307(a)(1)(C); see generally Hames v. State, 808 S.W.2d 41 (Tenn. 1991); Byrd v. State, 905 S.W.2d 195 (Tenn. Ct. App. 1995); Sanders, 783 S.W.2d at 948. The cause of action is expressly provided for and is under the exclusive jurisdiction of the Tennessee claims commission. Accordingly, all monetary claims against the State for dangerous or defective conditions on real property are subject to the procedures, guidelines, and monetary award caps of the claims commission.

The State's general liability for negligently maintained real property is subject to statutory immunity in certain cases. Tennessee Code Annotated §§ 70-7-101 et seq. provides the State with limited immunity for injuries occurring on state-owned property during recreational use. This statutory defense to liability based on the recreational use of the property has certain limitations or exceptions:

(1) Gross negligence, willful or wanton conduct which results in a failure to guard or warn against a dangerous condition, use, structure or activity;

(2) Injuries suffered in any case where permission to hunt, fish, trap, camp, hike, sightsee, cave, or any other legal purpose was granted for a consideration other than the consideration, if any, paid to the landowner by the state, the federal government, or any other governmental agency; or

(3) Injury caused by acts of persons to whom permission to hunt, fish, trap, camp, hike, sightsee, cave, or any other legal purpose was granted; to third persons or to persons to whom the person granting permission, or the landowner, lessee, occupant, or any other person in control of the land or premises, owed a duty to keep the land or premises safe or to warn of danger.

4

Tenn. Code Ann. § 70-7-104.

Tennessee Code Annotated §§ 70-7-101 et seq. is merely an affirmative defense to other viable causes of action outside the recreational use statute. The exceptions in Tenn. Code Ann. § 70-7-104 do not create new causes of action. See Tenn. Code Ann. § 70-7-104 ("This chapter does not limit the liability which otherwise exists for . . . ."). To adequately allege a claim, the plaintiffs are not required to plead § 104 exceptions to the State's immunity. Section 104 merely operates to: (1) negate the recreational use defense, and (2) allow a claimant to pursue a cause of action for which a recreational use defense has been raised.

In the case now before us, the plaintiffs' cause of action is for negligently created or maintained conditions on state-controlled real property. The plaintiffs' claim is predicated on and controlled by Tenn. Code Ann. § 9-8-307, the statute that governs the cases heard by the claims commission. Accordingly, the plaintiffs' complaint sufficiently alleges a cause of action under Tenn. Code Ann. § 9-8-307.

**Immunity for Recreational Use**

We next address the applicability of the recreational use statute. The recreational use defense requires a two-pronged analysis to determine whether the State is entitled to immunity. The inquiries are as follows: (1) whether the activity alleged is a recreational activity as defined by the statute; and if so, (2) whether any of the statutory exceptions or limitations to the immunity defense are applicable. If Tenn. Code Ann. § 70-7-102 is applicable and no exceptions apply, the State is immune. If Tenn. Code Ann. § 70-7-102 is applicable but an exception

5

is also applicable, the State may be subject to liability. The State's liability, however, is still governed by and subject to the claims commission statute.

To answer the first inquiry, we must determine whether bicycling is a recreational activity as contemplated by the recreational use statute. The statute applies to:

> *such recreational activities as* hunting, fishing, trapping, camping, water sports, white water rafting, canoeing, hiking, sightseeing, animal riding, bird watching, dog training, boating, caving, fruit and vegetable picking for the participant's own use, nature and historical studies and research, rock climbing, skeet and trap shooting, skiing, off-road vehicle riding, and cutting or removing wood for the participant's own use. . . .

Tenn. Code Ann. § 70-7-102 (emphasis added). The statute employs the phrase "such recreational activities as" in a manner that implies that the list is neither exclusive nor exhaustive. An all-inclusive list explicitly enumerating every single activity that is recreational in nature would be extremely cumbersome. Accordingly, activities similar to those explicitly enumerated in § 102 may also fall within the purview of the recreational use statute.

Bicycling is by its very nature a recreational activity and is comparable to the activities enumerated in § 102. We, therefore, hold that Tenn. Code Ann. § 70-7-102 provides the State with an immunity defense when injury occurs during bicycling on a paved trail on state-owned land. Accordingly, the State may raise the recreational use statute as a defense to the plaintiffs' Tenn. Code Ann. § 9-8-307(a)(1)(C) claim.

As previously discussed, the State's statutory defense under the recreational use statute is not absolute. Having found § 102 to apply, we must

6

make the second inquiry: whether any of the statutory exceptions or limitations to the defense are applicable. If one of the exceptions under Tenn. Code Ann. § 70-7-104 is applicable, the recreational use statute is negated. An analysis of whether the plaintiff has established the presence of a Tenn. Code Ann. § 70-7-104 exception is premature at this time. The facts, if any, supporting the presence of an exception have not been developed in this Rule 12.02(6) motion. This case is, therefore, remanded to the claims commission for further proceedings consistent with this opinion. Cost of this appeal shall be taxed against the State for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

**CONCURRING:**

Anderson, C.J.
Drowota, Birch, and Barker, J.J.

7