# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 17, 2013 Session

## JORDAN K. WILSON v. DAVID W. DOSSETT, AMERICAN HONDA MOTOR CO., AND FOX HEAD, INC.

**Appeal from the Circuit Court for Campbell County**
**No. 14407    John McAfee, Judge**

---

**No. E2012-01251-COA-R3-CV-FILED-JUNE 14, 2013**

---

This appeal concerns a landowner's potential liability to a person injured while riding a motorcycle on the landowner's property. Jordan K. Wilson ("Wilson") suffered severe injuries in a motorcycle accident on property owned by David W. Dossett ("Dossett"). Wilson sued Dossett in the Circuit Court for Campbell County ("the Trial Court"). Dossett filed a motion for summary judgment, asserting the affirmative defense for landowners under Tenn. Code Ann. § 70-7-102. The Trial Court held that Dossett was afforded protection under the statute as Wilson had been engaged in recreational activities on Dossett's land. At a subsequent hearing, the Trial Court found that no exception to the statutory defense was applicable. Wilson appeals. We hold that Tenn. Code Ann. § 70-7-102 applies to shield Dossett from liability as Wilson was engaged in recreational activities on Dossett's property, and that no exception to the defense is applicable. We affirm the judgment of the Trial Court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

Jill Jenson Thrash and Stuart Fawcett James, Chattanooga, Tennessee, for the appellant, Jordan K. Wilson.

Dallas T. Reynolds, III, Knoxville, Tennessee, for the appellee, David W. Dossett.

## OPINION

## Background

Dossett owns a 24 acre farm in LaFollette, Tennessee. Various people sometimes used Dossett's land for off-road vehicle recreational activities. On March 17, 2008, Wilson was operating a motorcycle on a trail, or, track, located on Dossett's property. The parties differ as to whether the location at issue is more of a natural track or artificial track, but whichever term one uses, it is a path on which different vehicles can operate. On the track, which was located approximately 1,200 feet from Dossett's home, there were certain 'jumps.' These jumps, some of which were put in place by Dossett, existed in order for riders to make leaps on them with their vehicles. Dossett also previously had dragged box springs over the track to clear away rocks and debris.

On the day at issue, Wilson went on Dossett's property. It was not unusual for people to congregate there and watch or participate in the riding of off-road vehicles. Dossett neither was present at the track at the time of the accident, nor did Dossett train or supervise Wilson. After making several circuits of the track while riding a less powerful motorcycle, Wilson borrowed a larger motorcycle and rode back out on the track. Eventually, Wilson attempted a 'double jump.' Wilson landed between the jumps, with the front tire impacting the ground first. As a result of the accident, Wilson was severely injured.

In March 2009, Wilson sued Dossett for damages, alleging that, as a result of the accident, he suffered paralysis from the neck down.[1] Dossett filed a motion for summary judgment, arguing that Tenn. Code Ann. § 70-7-102 shielded him from liability as Wilson was engaged in a recreational activity on his property. The Trial Court held that Wilson was, in fact, entitled to protection under Tenn. Code Ann. § 70-7-102. This, however, was not the end of the matter, as Tenn. Code Ann. § 70-7-104 contains exceptions to the statutory defense, such as gross negligence. At a second hearing, the Trial Court held that no exception at Tenn. Code Ann. § 70-7-104 was applicable. In May 2012, the Trial Court entered its final order, stating:

> The parties argued their respective motions for summary judgment on July 25, 2011. Subsequently, an Order was entered wherein the court held that, relative to defendant Dossett's motion for summary judgment, Tenn. Code Ann. § 70-7-102 was applicable such that defendant Dossett did not owe

---

[1]Wilson also sued American Honda Motor Co. and Fox Head Inc., but these entities are not parties on appeal.

a duty of care to plaintiff Wilson. The court reserved a decision about the potential exceptions found at Tenn. Code Ann. § 70-7-104.

The parties reconvened on April 16, 2012 for arguments relative to the potential[ ] applicability of any exceptions found in Tenn. Code Ann. § 70-7-104. After reviewing the pleadings, the file as a whole and hearing oral arguments, the court determined that none of the exceptions found at Tenn. Code Ann. § 70-7-104 were applicable and that defendant Dossett was entitled to summary judgment as a matter of law. The court overruled the motion for interlocutory appeal as the court's ruling on defendant Dossett's motion for summary judgment creates a final judgment which can be appealed.

It is therefore ORDERED, ADJUDGED and DECREED that defendant David W. Dossett is awarded summary judgment in his favor as to all issues and the plaintiff's case is dismissed.

Wilson filed a timely appeal to this Court.

## Discussion

Though not stated exactly as such, Wilson raises one issue on appeal: whether the Trial Court erred in granting summary judgment in favor of Dossett on the basis that Tenn. Code. Ann. § 70-7-102 applied as an affirmative defense, and that none of the exceptions in Tenn. Code Ann. § 70-7-104 applied to this statutory defense.

Our Supreme Court reiterated the standard of review in summary judgment cases as follows:

The scope of review of a grant of summary judgment is well established. Because our inquiry involves a question of law, no presumption of correctness attaches to the judgment, and our task is to review the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Cent. S.*, 816 S.W.2d 741, 744 (Tenn. 1991).

A summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking the summary judgment has the ultimate burden of persuasion "that there are no disputed, material facts creating a genuine issue

-3-

for trial . . . and that he is entitled to judgment as a matter of law." *Id*. at 215. If that motion is properly supported, the burden to establish a genuine issue of material fact shifts to the non-moving party. In order to shift the burden, the movant must either affirmatively negate an essential element of the nonmovant's claim or demonstrate that the nonmoving party cannot establish an essential element of his case. *Id*. at 215 n.5; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). "[C]onclusory assertion[s]" are not sufficient to shift the burden to the non-moving party. *Byrd*, 847 S.W.2d at 215; *see also Blanchard v. Kellum*, 975 S.W.2d 522, 525 (Tenn. 1998). Our state does not apply the federal standard for summary judgment. The standard established in *McCarley v. West Quality Food Service*, 960 S.W.2d 585, 588 (Tenn. 1998), sets out, in the words of one authority, "a reasonable, predictable summary judgment jurisprudence for our state." Judy M. Cornett, *The Legacy of Byrd v. Hall: Gossiping About Summary Judgment in Tennessee*, 69 Tenn. L. Rev. 175, 220 (2001).

Courts must view the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). In making that assessment, this Court must discard all countervailing evidence. *Byrd*, 847 S.W.2d at 210-11. Recently, this Court confirmed these principles in *Hannan*.

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 363-64 (Tenn. 2009).

Tenn. Code Ann. § 70-7-102 provides:

(a) The landowner, lessee, occupant, or any person in control of land or premises owes no duty of care to keep such land or premises safe for entry or use by others for such recreational activities as hunting, fishing, trapping, camping, water sports, white water rafting, canoeing, hiking, sightseeing, animal riding, bird watching, dog training, boating, caving, fruit and vegetable picking for the participant's own use, nature and historical studies and research, rock climbing, skeet and trap shooting, skiing, off-road vehicle riding, and cutting or removing wood for the participant's own use, nor shall such landowner be required to give any warning of hazardous conditions, uses of, structures, or activities on such land or premises to any person entering on such land or premises for such purposes, except as provided in § 70-7-104.

-4-

Tenn. Code Ann. § 70-7-102 (a) (2012).

As relevant to this case, a 'landowner' is "the legal title holder or owner of such land or premises, or the person entitled to immediate possession of the land or premises, and includes any lessee, occupant or any other person in control of the land or premises." Tenn. Code Ann. § 70-7-101 (2)(A) (2012).

As pertinent, an exception to the defense described above is "Gross negligence, willful or wanton conduct that results in a failure to guard or warn against a dangerous condition, use, structure or activity." Tenn. Code Ann. § 70-7-104 (a)(1) (2012). Gross negligence has been defined as "a negligent act done with utter unconcern for the safety of others, or one done with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law." *Bishop v. Beckner*, 109 S.W.3d 725, 729 (Tenn. Ct. App. 2002) (quoting *Odum v. Haynes*, 494 S.W.2d 795, 807 (Tenn. Ct. App. 1972).

The Tennessee Supreme Court has outlined a two-pronged test for cases involving the Recreational Use Statutes:

> The recreational use defense requires a two-pronged analysis to determine whether the State is entitled to immunity. The inquiries are as follows: (1) whether the activity alleged is a recreational activity as defined by the statute; and if so, (2) whether any of the statutory exceptions or limitations to the immunity defense are applicable. If Tenn. Code Ann. § 70–7–102 is applicable and no exceptions apply, the State is immune. If Tenn. Code Ann. § 70–7–102 is applicable but an exception is also applicable, the State may be subject to liability.

*Parent v. State*, 991 S.W.2d 240, 243 (Tenn. 1999). While *Parent* involves the State as the defendant landowner, the analysis is applicable to all defendant landowners under the statute.

One of Wilson's central arguments is that the protection afforded by the statute to landowners somehow does not apply when the feature in question is man-made, or, maintained, rather than simply natural. There, however, appears to be no law to substantiate this distinction. On the contrary, case law suggests there is no such distinction to be had. In *Mathews v. State*, No. W2005-01042-COA-R3-CV, 2005 WL 3479318, at *4 (Tenn. Ct. App. Dec. 19, 2005), *no appl. perm. appeal filed*, we held that the plaintiff's claim was barred in a case where the plaintiff fell from a sidewalk, indisputably a man-made feature. In *Parent*, the Tennessee Supreme Court determined that the Tenn. Code Ann. § 70-7-102 defense provided immunity to the State in a case where the plaintiff fell off his bicycle on

-5-

a man-made bicycle path. 991 S.W.2d at 243. Wilson makes much of the fact that these cases involve the State as the defendant. However, again, we see no distinction between the State and private landowners in terms of the applicability of the statutory defense. Simply because the State may be the defendant landowner in these cases, and the State has tended to be the defendant in the case law, it does not follow that the statutory immunity applies *only* to the State.

In the present case, Dossett was a landowner for purposes of the relevant statutes. We next look to determine whether Wilson was engaged in one of the recreational activities under Tenn. Code Ann. § 70-7-102 (a) (2012).[2] Wilson was injured in the course of riding a motorcycle on Dossett's property. In *Rewcastle v. State*, No. E2002-00506-COA-R3-CV, 2002 WL 31926848, at *4 (Tenn. Ct. App. Dec. 31, 2002), *no appl. perm. appeal filed*, we held that motorcycling constituted recreational activity under the statute. We think this interpretation is correct, and that Wilson was, in fact, engaged in recreational activities under the statute.

Next, we must determine whether any exception to the statutory defense exists. In this case, the only pertinent potential exception is gross negligence. In examining whether Dossett acted with gross negligence in the maintenance and opening up of his property to recreational activities, we look to the record for evidence of the condition of the track at issue. Certain passages from Wilson's deposition yield insights onto the nature of the activity he was engaged in. According to Wilson, he was riding a 250 cc motorcycle at the time of his accident. Wilson had no experience with the 250 cc motorcycle on this specific track. Wilson agreed that he had made the particular jump hundreds of times on a 125 cc motorcycle. In the lead up to his accident, Wilson had ridden the entire set of jumps 20 to 30 times that day. When asked if he thought he should not go over the jump because it was dangerous, Wilson replied "no." Wilson stated: "It wouldn't always throw you forward. It would - - just depending on where you - - in the jump you would hit it, it would throw you forward." Wilson stated that each jump was different. When asked what Dossett specifically had done wrong, Wilson simply replied that he needed help with his medical bills.

As we have stated regarding gross negligence:

> [I]f the [defendant] was guilty of gross negligence in connection with the claimant's injury, the Recreational Use Statutes do not shield it from liability. Gross negligence presents an issue of fact. A question of fact must be reserved

---

[2]The statute has been amended since the time of Wilson's accident, but the relevant portions remain unchanged.

for trial unless the evidence contained in the record could only bring reasonable minds to reach one possible conclusion.

*Rewcastle*, 2002 WL 31926848, at *5 (citations omitted).

From the record before us, there is no genuine dispute that the track on Dossett's property was in no way gratuitously hazardous. From the undisputed evidence, including photographs, contained in the record, it appears to be a rather unremarkable course. Wilson acknowledged having ridden the jumps at the track hundreds of times before the accident. Furthermore, Wilson stated that each jump was different. Therefore, it is undisputed that each different jump entails certain risks. There was even no hint in the record that this particular jump historically was especially dangerous. Finally, again, Wilson in his deposition simply could not pinpoint any wrongdoing on Dossett's part, merely stating that his medical bills were high. We, as did the Trial Court, find no basis given the undisputed material facts on which reasonable minds could conclude that Dossett acted with gross negligence.

The facts of this case are troubling in that a young man received a severe injury while engaged in a recreational activity. However, our General Assembly made the policy decision with respect to liability, as it has the authority to do, by enacting Tenn. Code Ann. § 70-7-101 *et seq.* to provide a defense for landowners in circumstances such as these. Wilson availed himself of Dossett's property for the recreational purpose of riding a motorcycle. This activity falls squarely within the parameters of the statute's protection for landowners. Additionally, there was no gross negligence in this case that would serve to negate the affirmative defense available to Dossett. When viewing the facts in the light most favorable to Wilson, we conclude, as did the Trial Court, that summary judgment is appropriate in this case. We affirm the judgment of the Trial Court.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Jordan K. Wilson, and his surety, if any.

_____
D. MICHAEL SWINEY, JUDGE