IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2016 Session

## HOMER McCAIG, ET AL. v. ROY L. WHITMORE

**Appeal from the Circuit Court for Carroll County**
**No. 13CV38      Donald E. Parish, Judge**

_____

**No. W2015-00646-COA-R3-CV – Filed February 22, 2016**
_____

This is a premises liability case.  Appellant Homer McCaig sustained multiple injuries while operating an all-terrain vehicle (ATV) on Appellee Roy Whitmore's property.  The trial court determined that Mr. Whitmore owed no duty to the McCaigs based on the Tennessee Recreational Use Statute ("TRUS"), Tennessee Code Annotated Sections 70-7-101 *et seq*. The trial court granted summary judgment in favor of the Appellee based on its determination that no exceptions to the statute were applicable.  Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded.**

KENNY ARMSTRONG, J. delivered the opinion of the Court, in which ARNOLD B. GOLDIN, and BRANDON O. GIBSON, JJ., joined.

Adam M. Nahmias, Memphis, Tennessee, for the appellants, Homer McCaig and Kelly McCaig.

Bradford D. Box, Nathan E. Shelby, and Adam P. Nelson, Jackson, Tennessee, for the appellee, Roy L. Whitmore.

## OPINION

### I.      Facts and Procedural History

The material facts in this case are not in dispute. On July 7, 2012, Appellant Homer McCaig sustained multiple injuries while operating an all-terrain vehicle (ATV) on Appellee Roy Whitmore's property. Mr. Whitmore's property consists of approximately seven acres of land and a residence. With the exception of the residence, the property is largely undeveloped. Mr. McCaig and his family were attending a social gathering at Mr. Whitmore's home when the accident occurred. Mr. Whitmore took rides with Mr. McCaig's wife and son, providing both with detailed instructions on the proper operation of the ATV. Mr. Whitmore also provided Mrs. McCaig and her son instructions on areas to avoid including the lawn and the concrete driveway. Mr. McCaig neither asked for nor received the same detailed instructions from Mr. Whitmore. While riding Mr. Whitmore's ATV, Mr. McCaig flipped the vehicle, which landed on top of him. Mr. McCaig sustained significant injuries, including nerve damage to his spine, legs, feet, and hands that prevent him from walking unassisted.

On July 3, 2013, Mr. McCaig and his wife Kelly (together, "Appellants") filed the instant lawsuit against Mr. Whitmore. The McCaigs allege that Mr. Whitmore is liable to them for negligence as a result of failing to properly instruct Mr. McCaig on how to operate the ATV and by failing to warn Mr. McCaig of dangerous and concealed conditions on his property that were known to Mr. Whitmore. Specifically, the McCaigs allege that Mr. Whitmore failed to warn Mr. McCaig to avoid bumps in the lawn, to avoid the edges of the concrete driveway, and to avoid steel guidewires, all of which he alleges were concealed to him, but known to Mr. Whitmore. Mrs. McCaig made claims against Mr. Whitmore for loss of consortium, loss of companionship, loss of services, and medical expenses to the extent that she is responsible for her husband's medical bills. On September 9, 2013, Mr. Whitmore filed his answer, in which he denied any liability for Mr. McCaig's injuries. In his answer, Mr. Whitmore specifically averred that "the Recreational Use Statute, codified at Tennessee Code Annotated [Section] 70-7-104, bars any recovery by [the McCaigs] against [Mr. Whitmore]."

On October 8, 2014, Mr. Whitmore filed a motion for summary judgment along with a statement of undisputed facts alleging that he owed no duty to Mr. McCaig. The McCaigs opposed Mr. Whitmore's motion, which was heard by the trial court on February 6, 2015. The trial court granted the motion for summary judgment by order of February 25, 2015, finding that Whitmore had negated an essential element of the McCaigs' claim and that he owed no duty to the McCaigs.

## II.    Issues

After reviewing the record and the arguments submitted by Appellants, we perceive the dispositive issues to be:

1. Whether the trial court erred in finding that the "recreational use statute" was applicable to the facts in this case.
2. Whether any of the exceptions to the "recreational use statute" outlined in Tennessee Code Annotated Section 70-7-104 are applicable to the facts in this case.
3. Whether the trial court erred as a matter of law in granting Appellee's motion for summary judgment.

## III.    Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.  We review a trial court's ruling on a motion for summary judgment *de novo*, without a presumption of correctness. **Bain v. Wells***,* 936 S.W.2d 618, 622 (Tenn. 1997); *see also* **Abshure v. Methodist Healthcare–Memphis Hosp.***,* 325 S.W.3d 98, 103 (Tenn. 2010); **Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.**, 395 S.W.3d 653, 671 (Tenn. 2013); and **Rye v. Women's Care Center of Memphis, MPLLC**, __ S.W.3d ___, 2015 WL 6457768 at *12 (Tenn. Oct 26, 2015).  In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. **Rye** __ S.W.3d at ___, 2015 WL 6457768, at *12 (citing **Estate of Brown***,* 402 S.W.3d 193, 198 (Tenn. 2013); **Hughes v. New Life Dev. Corp.***,* 387 S.W.3d 453, 471 (Tenn. 2012)).

For actions initiated on or after July 1, 2011, the standard of review for summary judgment is governed by Tennessee Code Annotated Section 20-16-101.  The statute provides:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1)    Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>
> (2)    Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. §20-16-101.  However, "a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis." **Rye**, 2015 WL 6457768 at *22*.* Rule

56.03 requires that the moving party support its motion with "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record. *Id.* If the moving party fails to meet its initial burden of production, the nonmoving party's burden is not triggered, and the court should dismiss the motion for summary judgment. *Town of Crossville Hous. Auth.*, 465 S.W.3d 574, 578-79 (Tenn. Ct. App. 2014)(citing *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008)). As our Supreme Court recently opined:

> [T]o survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S. Ct. 1348. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 2015 WL 6457768 at *22 (emphasis in original). If adequate time for discovery has been provided and the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial, then the motion for summary judgment should be granted. *Id.* Thus, even where the determinative issue is ordinarily a question of fact for the jury, summary judgment is still appropriate if the evidence is uncontroverted and the facts and inferences to be drawn therefrom make it clear that reasonable persons must agree on the proper outcome or draw only one conclusion. *White v. Lawrence*, 975 S.W.2d 525, 529-30 (Tenn. 1998).

To the extent our review requires an interpretation of the TRUS, we are guided by the familiar principles of statutory construction. The primary objective of statutory construction is to determine the intent of the legislature and give effect to that intent. *Walker v. Sunrise Pontiac-GMC Truck, Inc.,* 249 S.W.3d 301, 309 (Tenn. 2008). To achieve this objective, we begin by examining the language of the statute in question. *Curtis v. G.E. Capital Modular Space,* 155 S.W.3d 877, 881 (Tenn. 2005). This Court presumes that the legislature intended every word be given full effect. *Lanier v. Rains,* 229 S.W.3d 656, 661 (Tenn. 2007). Therefore, if the "language is not ambiguous ... the plain and ordinary meaning of the statute must be given effect." *In re Adoption of A.M.H.*, 215 S.W.3d 793, 808 (Tenn. 2007). It is a well-settled rule of construction that "statutes 'in pari materia'—those relating to the same subject or having a common purpose—are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent

- 4 -

indicated by the language of another statute." ***Graham v. Caples***, 325 S.W.3d 578, 581-82 (Tenn. 2010) (citing ***Wilson v. Johnson Cnty.***, 879 S.W.2d 807, 809 (Tenn. 1994)).

## IV.     Analysis

### A.     Applicability of the Tennessee Recreational Use Statute

The McCaigs allege that Mr. Whitmore was negligent as a result of failing to provide Mr. McCaig with appropriate information and instructions regarding the proper and safe operation of the ATV.  They further allege that Mr. Whitmore was negligent in failing to warn Mr. McCaig about conditions at the residence that were concealed and created dangerous conditions on the property, including bumps in the lawn, and edges of the concrete driveway that were higher than the grass.  In order to bring a successful suit based on a claim of negligence, the plaintiff must establish:  (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause. ***Bradshaw v. Daniel***, 854 S.W.2d 865, 869 (Tenn. 1993) (citing ***McClenahan v. Cooley***, 806 S.W.2d 767, 774 (Tenn. 1991); ***Lindsey v. Miami Dev. Corp.***, 689 S.W.2d 856, 858 (Tenn. 1985)).  The first element that must be established is "a duty of care owed by the defendant to the plaintiff." ***Giggers v. Memphis Hous. Auth***., 277 S.W.3d 359, 364 (Tenn. 2009).  The element of duty, and the dispositive issue in this case, is the legal obligation of a defendant to conform to a reasonable person's standard of care in order to protect against unreasonable risks of harm. ***Burroughs v. Magee***, 118 S.W.3d 323, 329 (Tenn. 2003); ***McClung v. Delta Square Ltd. P'ship.***, 937 S.W.2d 891, 894 (Tenn. 1996); ***Giggers***, 277 S.W.3d at 364.  "The existence of that duty is the initial requirement of proof to establish a negligence claim." ***Friedenstab v. Short***, 174 S.W.3d 217, 218 (Tenn. Ct. App. 2004).  In considering this element, the relevant inquiry is "whether the particular defendant owes a duty of care to the particular plaintiff involved." ***Main Street Market LLC v. Weinberg***, 432 S.W.3d 329, 337 (Tenn. Ct. App. 2013).  "[W]hether a defendant owes a duty of care to a plaintiff is a question of law to be determined by the court." ***Id***. at 355 (citing ***West v. E. Tennessee Pioneer Oil Co***., 172 S.W. 3d 545, 550 (Tenn. 2005)).  Where a Plaintiff cannot establish the existence of a duty, his claim must fail. ***Satterfield v. Breeding Insulation Co.***, 266 S.W.3d 347, 355 (Tenn. Ct. App. 2008).

In the February 25, 2015 order granting summary judgment, the trial court found that Mr. Whitmore "owed no duty to the [McCaigs] based upon the Tennessee Recreational Use Statute codified at Tenn. Code Ann. §70-7-101 *et. seq*."  That statute provides in pertinent part as follows:

> (a) The landowner, lessee, occupant, or any person in control of land or premises owes no duty of care to keep such land or premises safe for entry or

- 5 -

use by others for such recreational activities as . . . ***off-road vehicle riding***, . . . and nor shall such landowner be required to give any warning of hazardous conditions, uses of, structures, or activities on such land or premises to any person entering on such land or premises for such purposes, except as provided in § 70-7-104.

Tenn. Code Ann. § 70-7-102 (emphasis added).

In ***Parent v. State***, 991 S.W.2d 240, 243 (Tenn. 1999), the Tennessee Supreme Court outlined a two-pronged analysis to determine whether immunity can be granted under the recreational use statute. First, the court must determine whether the activity alleged is a recreational activity as defined by the statute. ***Id.*** If the answer to the first inquiry is yes, then the court must determine whether any of the statutory exceptions or limitations to the immunity defense are applicable. ***Id.*** Accordingly, if the activity at issue here is included in Tennessee Code Annotated Section 70-7-102 and no exceptions apply, Mr. Whitmore owed no duty to Mr. McCaig. However, if section 70-7-102 is applicable, but an exception is also applicable, Mr. Whitmore may be subject to liability. ***Id.***

In their appeal, the McCaigs argue that the recreational use statute does not apply to the facts in this case. Specifically, Appellants argue that they did not enter Mr. Whitmore's property for the purpose of engaging in recreational activities of any kind including off-road vehicle riding, and therefore the statute is inapplicable here. Instead, the Appellants argue that they should be afforded the status of invitees. Generally, when determining the duty that possessors of land owe to a particular plaintiff, the court "balances the foreseeability and gravity of the potential harm against the feasibility and availability of alternatives that would have prevented the harm." ***Hale v. Ostrow***, 166 S.W.3d 713, 716-17 (Tenn. 2005) (internal citations omitted). However, by enacting the TRUS, the legislature has replaced the common law with a specific statutory standard when the plaintiff is engaged in recreational activities on land owned by another.

The McCaigs argue that Tennessee Code Annotated Section 70-7-102 does not apply in this case because they did not enter Mr. Whitmore's property "for the purpose of engaging in recreational activities of any kind including off-road vehicle riding." As set out in full context above, the statute provides "[t]he landowner . . . or any person in control of land or premises owes no duty of care to keep such land or premises safe for entry ***or*** use by others for such recreational activities as . . . off-road vehicle riding . . ." Tenn. Code Ann. § 70-7-102 (emphasis added). As opposed to the conjunctive use of "and," "[t]he disjunctive 'or' usually . . . separates words or phrases in an alternate relationship, indicating that either of the separated words or phrases may be employed without the other." ***Pryor Oldsmobile/GMC Co. v. Tennessee Motor Vehicle Comm'n***, 803 S.W.2d 227, 230 (Tenn. Ct. App. 1990). In interpreting statutes, we apply general principles of grammatical

construction. ***McCollum v. Huffstutter***, No. M2002-00051-COA-R3-CV, 2002 WL 31247077, at *4 (Tenn. Ct. App. Oct. 8, 2002). Accordingly, interpreting the "or" as disjunctive, we read the statute to confer immunity to the landowner against those who enter *or* use his property for recreational use. In other words, the immunity conferred by Tennessee Code Annotated Section 70-7-102 is not limited to situations in which a person enters solely for the purpose of recreational activities. Thus, we conclude that Tennessee Code Annotated Section 7-7-102 is applicable to this case. The question then becomes whether any exception to immunity applies.

## B. Exceptions to Immunity

The McCaigs argue several exceptions to immunity: (1) that the accident occurred on the "landowner's principal place of residence;" (2) Mr. Whitmore's conduct amounts to gross negligence; and (3) Mr. Whitmore's conduct amounts to willful and wanton conduct. We address each argument in turn.

### Principal Place of Residence

The McCaigs argue that the "land and premises" where the accident occurred was the "landowner's principal place of residence" and is, therefore, specifically excluded from coverage under Tennessee Code Annotated Section 70-7-101, which provides in pertinent part:

> (1)(C) … the landowner's principal place of residence and any improvements erected for recreational purposes that immediately surround such residence, including, but not limited to, swimming pools, tennis or badminton courts, barbecue or horse shoe pits, jacuzzis, hot tubs or saunas.

Tenn. Code Ann. § 70-7-101(1)(C).

The McCaigs' complaint states that Mr. Whitmore's "residence is located on approximately seven acres of undeveloped land. . . ." Appellants urge this Court to interpret the statute to include the entire seven acres of land as Mr. Whitmore's "principal place of residence." The phrase "principal place of residence" is not defined in the statute, nor has it been defined by Tennessee Courts in the context of the recreational use statute. However, in interpreting the meaning of a word or phrase in a statute, the courts may use dictionary definitions. ***McGarity v. Jerrolds***, 429 S.W.3d 562, 578 (Tenn. Ct. App. 2013) (citing ***State v. Majors***, 318 S.W.3d 850, 859 (Tenn. 2010)); *see also* 82 C.J.S. *Statutes* § 415 ("If the statute does not sufficiently define a word used therein, the court may consider all known definitions of the word, including dictionary definitions, in order to determine the plain and ordinary meaning of the word.") (footnotes omitted). *Black's Law Dictionary* defines

- 7 -

"residence" as the "place where one actually lives; a house or other fixed abode; a dwelling." *Black's Law Dictionary* 1423 (9th ed. 2009).

When questioned during his deposition about where the accident took place, Mr. McCaig testified as follows:

> Q: Okay. Do you know what caused this accident?
> A. No, sir.
> Q. When you were talking about going over the driveway, we're not talking about the parking area, are we?
> A. No, sir.
> Q. We're talking about further out from the house, right?
> A. Correct. Yes, sir.
> Q. So this wouldn't be the area that you considered the home; it was more out in the yard or the acreage area?
> A. Correct. Yes, sir.

The McCaigs contend that the issue of whether the driveway is included in the meaning of "principal place of residence" is a question of fact that precludes summary judgment. Their position, however, is contrary to Tennessee case law. Statutory interpretation is a question of law, which we review de novo, with no presumption of correctness given to the courts below. *Sullivan ex rel. Hightower v. Edwards Oil Co*., 141 S.W.3d 544, 547 (Tenn. 2004) (citing *Wallace v. State,* 121 S.W.3d 652, 656 (Tenn. 2003)). When the statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

In summary, the McCaigs argue that Mr. Whitmore's driveway falls within the category of property excluded from immunity under Tennessee Code Annotated section 70-7-101(1)(C). In this case, the provisions of the statute are clear and unambiguous. Improvements erected for recreational purposes surrounding the residence are excluded from coverage under the statute. Tenn. Code Ann. §70-7-101(1)(C). Applying the plain meaning of the terms, we do not conclude that a driveway is an "improvement erected for recreational purposes." Although the list of improvements contained in the statute is not exclusive, a driveway on a seven acre tract of land is not in any way analogous to a swimming pool, a tennis or badminton court, barbecue or horse shoe pit, jacuzzi, hot tub or sauna. Accordingly, we conclude that the facts here do not constitute an exception as argued by Appellants.

### Gross Negligence Exception

The immunity described in section 70-7-102 does not limit the liability that otherwise

exists for "[g]ross negligence, willful or wanton conduct that results in a failure to guard or warn against a dangerous condition, use, structure or activity." Tenn. Code Ann. § 70-7-104. The McCaigs argue that the gross negligence exception set out in section 70-7-104 is applicable in this case, and specifically, that Mr. Whitmore's failure to warn Mr. McCaig about the "dangerous conditions existing on his property" constitutes gross negligence.[1]

The trial court determined that the allegations against Mr. Whitmore do not constitute gross negligence even if taken as "absolutely true." Ordinarily, a determination of "gross negligence" is a question of fact that should be presented to a jury. However, a question of fact does not have to be reserved for trial if "the evidence contained in the record could only bring reasonable minds to reach one possible conclusion." *Rewcastle v. State*, No. E2002-00506-COA-R3-CV, 2002 WL 31926848, at *5 (Tenn. Ct. App. Dec. 31, 2002) (citing *Staples v. CBL & Associates, Inc*., 15 S.W.3d 83, 89 (Tenn. 2000)); *see also Davis v. Campbell,* 48 S.W.3d 741, 747 (Tenn. Ct. App. 2001).

In order to prevail on a claim of gross negligence, a plaintiff must prove that the act was "done with utter unconcern for the safety of others, or one done with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law." *Leatherwood v. Wadley,* 121 S.W.3d 682, 693-94 (Tenn. Ct. App. 2003)(citations omitted). Gross negligence is "a conscious neglect of duty or a callous indifference to consequences." *Conroy v. City of Dickson,* 49 S .W.3d 868, 871 (Tenn. Ct. App. 2001) (citations omitted). *see also Thrasher v. Riverbend Stables, LLC*, No. M2008-02698-COA-RM-CV, 2009 WL 275767, at *4 (Tenn. Ct. App. Feb. 5, 2009).

Gross negligence in relation to TRUS claims has only been found in the most egregious cases. In *Sumner v. United States,* 794 F. 1358 (M.D. Tenn. 1992), the plaintiff was injured by unexploded ordnance on a firing range on the military installation at Fort Campbell. *Id*. at 1361. The District Court explained that the Army had created the hazard and knew that it had to keep trespassers off the range. *Id*. at 1362. In *Sumner,* the District Court held that a failure to maintain a clear legible sign warning of such a known danger under the facts of that case constituted gross negligence. *Id*. at 1367.

During his deposition, Mr. McCaig testified as follows:

---

[1] During the ruling, which is incorporated into its February 25, 2015 order, the trial court observes that the Appellants do not plead gross negligence in their complaint. However, in the *Parent* case, the Tennessee Supreme Court concluded that a party is not required to specifically plead the exceptions delineated in Tennessee Code Annotated Section 70-7-104. "Section 104 merely operates to: (1) negate the recreational use defense, and (2) allow a claimant to pursue a cause of action for which a recreational use defense has been raised." *Parent*, 991 S.W. 2d at 242-43. Therefore, the failure to plead the exceptions to the TRUS does not

Q.      So after you get on the four-wheeler, what happened?
A.      After I got on, Kelly was also on the other one.  We were just going around the house on the four-wheeler.  She was a little bit ahead of me, so I went across the driveway.
When I went over the first bump – when I first went over the driveway, I just was kind of losing control of it.   So I accidentally hit the gas, and it sped up a little bit.

So I went over the driveway, and then I made like a turn.  And when I made that turn, I must have hit something to make it go up.  Honestly, to my knowledge sir, I don't remember what I hit.  I just remember going up like this.  And the next thing I remember, sir, I was on my back with a four-wheeler on top of me.

***

Q.      So is it fair to say that the route that you took was the same route that your wife had taken directly in front of you?
A.      Yes, sir.
Q.      Okay.  Do you know what caused this accident?
A.      No, sir.

As previously stated, gross negligence may be decided as a matter of law when the material facts are not in dispute and when these facts, and the conclusions reasonably drawn from them, would permit a reasonable person to reach only one conclusion. *Leatherwood*, 121 S.W.3d at 693 (affirming summary judgment dismissing gross negligence claim); and *Buckner v. Varner*, 793 S.W.2d 939, 941 (Tenn.Ct.App.1990) (affirming summary judgment dismissing gross negligence claim).  We have reviewed the entire record in this case and find no facts from which a reasonable fact finder could conclude that Mr. Whitmore is guilty of gross negligence.

**Willful Wanton Exception**

Like gross negligence, "willful or wanton conduct that results in a failure to guard or warn against a dangerous condition, use, structure or activity" is also excluded from immunity under Tennessee Code Annotated Section 70-7-102. Tenn. Code Ann. § 70-7-104.  The McCaigs take issue with the fact that in reviewing the exceptions to the recreational use statute, the trial court focused exclusively on gross negligence.  In its ruling, the trial court stated, "It's not argued here that the willful or wanton conduct exception is relevant.  Rather, it is argued here that the [Appellee's] conduct constitutes gross negligence." According to

prohibit their application to the case at bar.

the trial court, the McCaigs did not argue that Mr. Whitmore is guilty of willful or wanton conduct. Further, the McCaigs' complaint does not allege willful or wanton conduct. It is well settled that issues not raised at the trial level are considered waived on appeal. Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."). *See Waters v. Farr,* 291 S.W.3d 873, 918 (Tenn. 2009); *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Mabry*, 402 S.W.3d 654, 660 (Tenn. Ct. App. 2012). Additionally, the record does not contain a transcript of the hearing. Although the record contains an excerpt of the hearing on the summary judgment motion, the portion of the transcript provided contains only the trial court's ruling. The burden is upon the appellant to show that the evidence preponderates against the judgment of the trial court. *Coakley v. Daniels,* 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992) (citing *Capital City Bank v. Baker,* 442 S.W.2d 259, 266 (Tenn. Ct. App. 1969)). "In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley,* 840 S.W.2d at 370 (citing *McKinney v. Educator and Executive Insurers, Inc.,* 569 S.W.2d 829, 832 (Tenn. App. 1977)). Because we can make no meaningful review absent a transcript, we assume that the statement of the trial court is correct. Consequently, we affirm the ruling of the trial court that the "exceptions provided in the Tennessee Recreational Use Statute are inapplicable to this case."

### C. Whether the trial court erred as a matter of law in granting Appellee's motion for summary judgment.

The McCaigs also argue that the trial court erred in granting Mr. Whitmore's motion for summary judgment. The two-prong test outlined by our supreme court in *Parent v. State*, 991 S.W.2d 240, 243 (Tenn. 1999), is instructive here. In this case, the activity of off-road vehicle riding is specifically named in Tennessee Code Annotated Section 70-7-102. Thus, the first prong of the test, whether the activity is a recreational activity as defined by statute, is answered in the affirmative. The next inquiry is whether any of the statutory exceptions or limitations to the immunity defense are applicable. We have determined that there are no applicable exceptions presented by the facts in this case. Accordingly, we conclude that Mr. Whitmore owed no duty to Mr. McCaig pursuant to Tennessee Code Annotated Section 70-7-101 *et seq*. To survive summary judgment, the Tennessee Supreme Court requires the Appellants to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye*, 2015 WL 6457768 at *22. When viewing the facts in the light most favorable to the McCaigs, we conclude that summary judgment is appropriate in this case. Accordingly, we affirm the decision of the trial court.

## V.      Conclusion

For the foregoing reasons, we affirm the order of the trial court granting summary judgment in favor of the Appellee.  This case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellants, Homer and Kelly McCaig and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE