IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 9, 2021 Session

**RACHEL VICTORY ET AL. v. STATE OF TENNESSEE**

**Appeal from the Tennessee Claims Commission (Middle Division)
No. T20191169    James A. Haltom, Commissioner**

_____

**No. M2020-01610-COA-R3-CV**
_____

This appeal arises from an action before the Tennessee Claims Commission for personal injuries filed on behalf of a minor child who broke her arm when she fell from playground equipment at Tims Ford State Park. The complaint asserted claims for negligence, gross negligence, and gross negligence per se. It alleged that the State was negligent by failing to adequately maintain its property, and by failing to discover, rectify, and/or warn against a dangerous condition, and allowing park visitors "to use the playground which did not have a safe surface area." The State denied liability under Tenn. Code Ann. § 9-8-307(a)(1)(C), insisting it had no notice of any dangerous condition; it also raised the "Recreational Use Statute," Tenn. Code Ann. §§ 70-7-101 to -105, as an affirmative defense. Following discovery, the State filed a motion for summary judgment, which the claims commissioner granted. The commissioner found the State was entitled to judgment as a matter of law on two grounds. The commissioner found that Tenn. Code Ann. § 70-7-102 of the Recreational Use Statute provided immunity to the State as a landowner against premises-liability claims and that the gross negligence exception under the statute, Tenn. Code Ann. § 70-7-104(a)(1), did not apply. The commissioner also held that the claimants failed to show that notice of the alleged dangerous condition had been provided to the State, which is an essential element of the Claims Commission Act. The plaintiffs appeal one issue, asserting a genuine issue of material fact existed concerning whether the State's failure to maintain the playground was gross negligence. We affirm the Commissioner's decision on both grounds.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

S. Todd Bobo, Shelbyville, Tennessee, for the appellants, Rachel Victory and Jacob Victory, on behalf of Lyla Victory.

Rainey Alan Lankford, Nashville, Tennessee, for the appellee, State of Tennessee.

## OPINION

On April 19, 2018, Mike and Nita Carroll, along with their granddaughter, Lyla Victory, arrived at Tims Ford State Park to enjoy the recreational outdoors. The Carrolls intended to camp at Tims Ford State Park with Lyla for a weekend of recreational activity. On the morning after their first night of camping, Lyla, accompanied by her grandmother, began playing on a playground in the park. While climbing and playing on playground equipment, Lyla fell and fractured her arm, immediately following which she was taken to receive emergency medical treatment. Lyla's grandparents returned to the scene the following day, April 21, 2018, to take photographs of the scene where Lyla fell.

Thereafter, Lyla's parents, Rachel and Jacob Victory ("Plaintiffs"), timely commenced this action on Lyla's behalf against the State of Tennessee under the Tennessee Claims Commission Act, Tenn. Code Ann. § 9-8-301 to -311. Plaintiffs alleged that Lyla's injury was due to inadequate mulch or padding on the playground and asserted claims for negligence, gross negligence, and gross negligence per se. After the parties conducted discovery, the State moved for summary judgment on all claims.

In November 2020, Claims Commissioner James Haltom ("the Commissioner") granted the State's motion and dismissed the complaint on two grounds. The Commissioner found that Plaintiff's claim was barred by § 70-7-102(a) of Tennessee's Recreational Use Statute, which protects landowners, including the State of Tennessee, from responsibility for injury to recreational visitors.[1] Although the Recreational Use Statute provides an exception for "gross negligence," *id*. § 104(a)(1), the Commissioner found that "no reasonable mind could conclude that the presence of a thin layer of mulch and hard soil near play equipment equates to *gross* negligence." The Commissioner also found Plaintiffs failed to establish an essential element of their claim under § 9-8-307(a)(1)(C) of the Claims Commission Act, that the proper state official had been given prior notice of the playground's condition.[2]

This appeal followed.

---

[1] It is undisputed that the State of Tennessee qualifies as a "landowner" under the Recreational Use Statute. *See* Tenn. Code Ann. § 70-7-101(2)(B) (defining "landowner" as including "any governmental entity").

[2] Tennessee Code Annotated § 9-8-307(a)(1)(C) allows for claims against the State for injury due to "[n]egligently created or maintained dangerous conditions on state controlled real property" so long as the claimant establishes "the foreseeability of the risks and notice given to the proper state officials at a time sufficiently prior to the injury for the state to have taken appropriate measures."

ISSUES

Plaintiffs raise one issue on appeal: Whether the State's failure to maintain a playground could be considered gross negligence instead of ordinary negligence.

## STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997). In so doing, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id.* Instead, the nonmoving party must respond with specific facts showing a genuine issue for trial. *Id.* A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id.*

## ANALYSIS

### I. RECREATIONAL USE STATUTE

Tennessee Code Annotated § 70-7-102 "provides the State with limited immunity for injuries occurring on state-owned property during recreational use." *Parent v. State*, 991 S.W.2d 240, 242 (Tenn. 1999). Tennessee Code Annotated § 70-7-104(a)(1) provides an exception for "[g]ross negligence, willful or wanton conduct that results in a failure to guard or warn against a dangerous condition, use, structure or activity." The Commissioner found no evidence to establish gross negligence on the part of the State. Plaintiffs contend

this was error because a reasonable person may conclude that the State was grossly negligent with regard to the maintenance of the playground.

Plaintiffs acknowledge that the Recreation Use Statute would immunize the State as a landowner unless the exception for gross negligence applies.[3] Nevertheless, Plaintiffs assert a genuine issue of material fact exists on whether the exception applies because there was evidence that park rangers perform "drive-by inspections" of the playground, in which they simply "look at the playground from afar." Plaintiffs contend these inspections are inadequate, as evidenced by photos taken shortly after Lyla's fall that show little to no mulch or padding under the playground equipment. Plaintiffs also cite the deposition testimony of a park ranger, who agreed that the photos showed a "hazardous" and "dangerous" condition. Plaintiffs argue that the condition was particularly egregious given that the playground's purpose is to provide a place for children to play.

A grossly negligent act is "a negligent act done with utter unconcern for the safety of others, or one done with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law." *Bishop v. Beckner*, 109 S.W.3d 725, 729 (Tenn. Ct. App. 2002) (quoting *Odum v. Haynes*, 494 S.W.2d 795, 807 (Tenn. Ct. App. 1972)). Thus, "[g]ross negligence in relation to [Recreational Use Statute] claims has only been found in the most egregious cases." *McCaig v. Whitmore*, No. W2015-00646-COA-R3-CV, 2016 WL 693154, at *6 (Tenn. Ct. App. Feb. 22, 2016). "[G]ross negligence may be decided as a matter of law when the material facts are not in dispute and when these facts, and the conclusions reasonably drawn from them, would permit a reasonable person to reach only one conclusion." *Id*. at *7 (citing *Leatherwood v. Wadley*, 121 S.W.3d 682, 693 (Tenn. Ct. App. 2003); *Buckner v. Varner*, 793 S.W.2d 939, 941 (Tenn. Ct. App. 1990)). Thus, in *Bishop v. Beckner*, we affirmed the trial court's summary judgment in favor of a defendant when the defendant did not know a cave on her property "contained a particularly dangerous situation that might cause serious bodily harm or even death." 109 S.W.3d at 729. We found the defendant's after-the-fact concerns about someone getting hurt in the cave were insufficient to establish or imply a conscious indifference or utter unconcern for the safety of others. *Id*. at 730.

Likewise, we find no evidence in the record upon which a reasonable person would conclude that the State was grossly negligent with regard to the maintenance of the playground in Tims Ford State Park. It was undisputed that the State lacked knowledge of any dangerous condition on the playground. The park ranger's after-the-fact admission that the playground floor looked "dangerous" is insufficient to establish or infer the "utter disregard" necessary to show gross negligence.

---

[3] Plaintiffs do not appeal the Commissioner's dismissal of their claims for simple negligence and gross negligence per se.

Because there is no evidence upon which to conclude that the State was grossly negligent, the State was entitled to a summary judgment as a matter of law based on the affirmative defense provided under Tenn. Code Ann. § 70-7-102, the Recreational Use Statute. *See Parent*, 991 S.W.2d at 242.

## II. CLAIMS COMMISSION ACT

The State also argues that we should affirm the Commissioner's decision because the Commissioner provided two independent grounds for summary judgment, and Plaintiffs appealed only one. "Tennessee law . . . provide[s] that where a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds, we must affirm the judgment of the trial court on the ground that was not challenged on appeal." *Buckley v. Elephant Sanctuary in Tennessee, Inc.*, No. M2020-00804-COA-R10-CV, 2021 WL 2450456, at *12 (Tenn. Ct. App. June 16, 2021) (citations omitted).

In addition to finding insufficient evidence of gross negligence, the Commissioner determined that Plaintiffs failed to establish an essential element of their claim under § 9-8-307(a)(1)(C) of the Claims Commission Act because there was no evidence that the proper state official had been given notice of the playground's condition. Plaintiff did not appeal this finding. Accordingly, we are compelled to affirm the Commissioner on this ground as well.

## IN CONCLUSION

The judgment of the Commisioner is affirmed, and this matter is remanded with costs of appeal assessed against Rachel and Jacob Victory.

_____
FRANK G. CLEMENT JR., P.J., M.S.